# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| MATTHEW KENNEY and GREGORY BENEDICT §§§ | |
| v. § | CIVIL ACTION NO. 3:24-CV-0809-S |
| DALLAS COUNTY, TEXAS §§ | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Dallas County, Texas's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Rehabilitation Act Claims Alleged Against It in Plaintiffs' Original Complaint ("Motion") [ECF No. 8]. The Court has reviewed the Motion, Plaintiffs Matthew Kenney and Gregory Benedict's Brief in Support of Their Response to the Motion ("Response") [ECF No. 17], and the applicable law. For the following reasons, the Court **GRANTS** the Motion.

### I. BACKGROUND

In April 2022, Plaintiffs were pretrial detainees being held in the Dallas County Jail. Pls.' Original Compl. ("Complaint") [ECF No. 1] 2, ¶¶ 6-7. Plaintiffs have both been diagnosed with Type 1 Diabetes. *Id.* ¶¶ 12, 14. Kenney takes insulin two to three times a day to manage his diabetes, while Benedict uses an insulin pump and a continuing glucose monitoring system. *Id.* ¶¶ 13, 15.

Upon being booked into the Dallas County Jail, Kenney told jail officials and a nurse that he had diabetes and needed insulin. *Id.* ¶¶ 32, 36. Later, Kenney told seven guards that he felt sick because he did not have his insulin. *Id.* ¶ 38. One officer allegedly told Kenney that he would not "get medical until [he] was 'practically dying.'" *Id.* ¶ 42 (emphasis omitted). Kenney began experiencing numerous issues, including thirst, vomiting, sweating, frequent urination, and

stomach pain. *Id.* ¶¶ 45-50. Kenney told jailers about these symptoms and repeated his request for insulin. *Id.* ¶ 55. According to Plaintiffs, jailers did not retrieve Kenney's insulin or provide him with medical care for approximately 53 hours. *Id.* ¶ 64. After 53 hours without insulin, Kenney fainted. *Id.* ¶ 65. After Kenney fainted, he was taken to the hospital, where he was diagnosed with diabetic ketoacidosis. *Id.* ¶¶ 68, 70.

Benedict alleges that he suffered similar treatment in the Dallas County Jail. When Benedict was booked into jail, his insulin pump was confiscated, and he was not provided with an alternative means of receiving insulin. *Id.* ¶ 81. Benedict's intake paperwork instructed officials to house him in a medical wing, and Benedict told two officers in booking that he was diabetic and had not received insulin. *Id.* ¶¶ 90-91. After booking, Benedict told multiple officers that he needed insulin. *Id.* ¶ 92. A jailer allegedly told Benedict that he would not "see someone until he was dead." *Id.* ¶ 94 (emphasis omitted). Benedict began feeling lethargic, had an unquenchable thirst, lost 27 pounds, vomited, and experienced vision issues and heart palpitations. *Id.* ¶¶ 104-08. At one point, Benedict lost consciousness for four to five hours. *Id.* ¶ 112. Despite these issues and Benedict's requests for help, jailers ignored Benedict. *Id.* ¶ 114. After approximately 48 hours, Benedict was called to the nurse's station to be evaluated. *Id.* ¶¶ 123, 125. Based on the evaluation, an officer escorted Benedict to the hospital. *Id.* ¶¶ 127, 129. Like Kenney, Benedict was diagnosed with diabetic ketoacidosis. *Id.* ¶ 132.

Based on their experiences in jail, Plaintiffs filed this lawsuit. Plaintiffs bring constitutional claims pursuant to 42 U.S.C. § 1983 and claims for violations of Title II of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12131, et seq., and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Compl. ¶¶ 145-234. Defendant moved to dismiss only

Plaintiffs' Rehabilitation Act claims, contending that Plaintiffs failed to state a claim under the statute.

## II. LEGAL STANDARD

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007) (citation omitted). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. *See Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977). It only determines whether the plaintiff has stated a claim upon which relief can be granted. *See id.*

## III. ANALYSIS

According to Plaintiffs, Defendant "discriminated against Plaintiffs in violation of [the Rehabilitation Act] by refusing to provide Plaintiffs with insulin." Compl. ¶ 225. In other words, Defendant did not provide Plaintiffs with "medically necessary treatment," which allegedly was

3

provided to "all other non-disabled inmates in the Dallas County Jail." *Id.* ¶ 230. Plaintiffs further claim that they "were denied adequate accommodations available to others that would have prevented their injuries, namely by providing them with insulin." *Id.* ¶ 227. These allegations do not support a claim for discrimination under the Rehabilitation Act.

Section 504 of the Rehabilitation Act prohibits recipients of federal funds from discriminating on the basis of disability. *Francois v. Our Lady of the Lake Hosp., Inc.*, 8 F.4th 370, 377 (5th Cir. 2021) (citing 29 U.S.C. § 794(a)). To state a claim under the statute, a plaintiff must allege that (1) he is a qualified individual within the meaning of the Rehabilitation Act; (2) he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the entity is responsible, or is otherwise being discriminated against; and (3) such discrimination is by reason of his disability.[1] *Epley v. Gonzalez*, 860 F. App'x 310, 312 (5th Cir. 2021) (quoting *Melton v. Dall. Area Rapid Transit*, 391 F.3d 669, 671-72 (5th Cir. 2004)). The third prong "can be satisfied with evidence that the defendant failed to make reasonable accommodations for a plaintiff's disability." *Id.* at 314 (citing *Valentine v. Collier*, 993 F.3d 270, 290 (5th Cir. 2021)). However, a Rehabilitation Act claim "cannot rest on the exact same facts as a claim of denial of medical care." *Id.* (citation omitted).

In support of their Rehabilitation Act claims, Plaintiffs repeatedly point to Defendant's failure to provide them with insulin. But these allegations amount only to a challenge to Defendant's alleged denial of medical care to Plaintiffs, which does not state a discrimination claim under the Rehabilitation Act. *See Nottingham v. Richardson*, 499 F. App'x 368, 377 (5th Cir. 2012) (holding that "[t]he ADA is not violated by 'a prison's simply failing to attend to the medical

---

[1] Although *Epley* sets forth the standard for an ADA claim, rather than a Rehabilitation Act claim, the Fifth Circuit noted that "because the rights and remedies afforded plaintiffs under Title II of the ADA are almost entirely duplicative of those provided under § 504 of the Rehabilitation Act, we apply the same analysis to both claims." 860 F. App'x at 312 n.3 (cleaned up).

4

needs of its disabled prisoners" (quoting *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996))); *Cadena v. El Paso County*, 946 F.3d 717, 726 (5th Cir. 2020) ("[T]he ADA does not typically provide a remedy for negligent medical treatment." (citation omitted)); *Wilson v. Baucom*, No. 22-50066, 2023 WL 4288350, at *4 (5th Cir. June 30, 2023) (affirming summary judgment in the defendant's favor on a Rehabilitation Act claim where the claim was based on denial of "access to medical care while in custody" (citation omitted)).

This conclusion is inescapable whether Plaintiffs' claims are premised on intentional discrimination or failure to accommodate. Plaintiffs' requested accommodations (i.e., insulin) "treat the underlying medical condition[] that require[s] their existence," *Epley*, 860 F. App'x at 315. And denial of medication, without more, does not constitute intentional discrimination on the basis of disability. *See, e.g.*, *Thomas v. Holmes*, No. 2:23-CV-00190, 2024 WL 4135511, at *32 (S.D. Tex. Mar. 15, 2024) (dismissing Rehabilitation Act claim predicated on "denial of medical care in the form of receiving [schizophrenia] medication during the summer months" because such denial did not constitute "discrimination based on a disability (whether intentional or through a failure to accommodate)"), *report and recommendation adopted by* 2024 WL 3935432 (S.D. Tex. Aug. 26, 2024); *Reed v. Nacogdoches County*, No. 9:19-CV-00086-ZJH, 2022 WL 705918, at *19 (E.D. Tex. Feb. 3, 2022) (granting summary judgment on ADA claim where the plaintiff alleged that the jail failed to provide him with prescribed medication), *aff'd*, No. 22-40126, 2023 WL 3563017 (5th Cir. May 19, 2023); *McWherter v. Davis*, No. 6:19-CV-00383-JDK-JDL, 2020 WL 5638714, at *2, *4-5 (E.D. Tex. Aug. 5, 2020) (denying disability discrimination claim where the plaintiff claimed he was refused antiviral medication to treat Hepatitis C), *report and recommendation adopted by* 2020 WL 5632675 (E.D. Tex. Sept. 21, 2020).

In sum, Plaintiffs have not alleged that they were excluded from participation in, or denied the benefits of, any services, programs, or activities, or were otherwise being discriminated against, because of their disabilities. Instead, Plaintiffs have merely repackaged denial of medical care claims into claims under the Rehabilitation Act. Accordingly, even when taking Plaintiffs' alleged facts as true and viewing them in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have not stated a Rehabilitation Act claim.

### IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Rehabilitation Act Claims Alleged Against It in Plaintiffs' Original Complaint [ECF No. 8]. Because Plaintiffs have requested leave to amend, *see* Resp. 11, and given the Federal Rules of Civil Procedure's liberal policy of allowing amendments to pleadings, the Court **GRANTS** Plaintiffs leave to amend their Complaint. Plaintiffs must file an amended complaint by **December 6, 2024**. If an amended complaint is not filed within such time, Plaintiffs' Rehabilitation Act claims will be dismissed with prejudice.

**SO ORDERED.**

SIGNED November 22, 2024.

*/s/ Karen Gren Scholer*

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**